UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARK EDWARD MOON, et al.,**

    **Plaintiffs,**

v.                                   Case No. 8:23-cv-1152-WFJ-AAS

**PASCO COUNTY SHERIFF'S OFFICE,**
et al.,

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On May 24, 2023, Plaintiff Mark Edward Moon filed a complaint and application to proceed *in forma pauperis*. (Docs. 1, 2). At the time of filing, Mr. Moon was in custody pursuant to state-court drug charges. *See generally State v. Moon, Case No. 2022CF004196CFAXES* (Fla. Pasco Cnty. Ct. 2022).

On June 13, 2023, the undersigned ordered Mr. Moon to comply with 28 U.S.C. § 1915 and provide a copy of his inmate trust account for the six-month period preceding the filing of his complaint. (Doc. 6). In that same order, the undersigned noted Mr. Moon named multiple additional plaintiffs (including his mother, Brenda Garcia, for whom he also included her address) without any indication that those individuals "consented to or were otherwise contacted regarding Mr. Moon's naming them as plaintiffs in this lawsuit." (*Id.* at 3). After a review of Mr. Moon's complaint, the undersigned ordered Mr. Moon to

1

amend his complaint to comply with the Federal Tort Claims Act and Federal Rules of Civil Procedure 8 and 10. (*Id.* at pp. 3–4). The undersigned ordered Mr. Moon to comply with the court's order on or before July 10, 2023. (*Id.* at 4).

To date, Mr. Moon has not done so. Brenda Garcia, who was mailed a copy of the undersigned's prior order at the address provided by Mr. Moon, has also not responded to the prior order or otherwise appeared in the case. This action should thus be dismissed *sua sponte* for failure to prosecute. *Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir. 1980).[1] Moreover, a review of Mr. Moon's state-court case docket shows Mr. Moon has been released from custody. While this mitigates the necessity for Mr. Moon to produce a copy of his inmate trust account under 28 U.S.C. § 1915, Mr. Moon has failed to update the court with his new address. As with Mr. Moon's failure to amend his complaint, Mr. Moon's failure to notify the court of his current address "prevents the [c]ourt from moving this case toward disposition and shows that [Mr. Moon] does not intend to litigate this action diligently." *Washington v. Myers*, Case No. 2:21-cv-01356-GW-PD, 2022 WL 125889, at *2 (C.D. Cal. Jan 11, 2022).

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

It is therefore **RECOMMENDED** that Mr. Moon's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and his complaint (Doc. 1) be **DISMISSED**.

**ENTERED** in Tampa, Florida on July 14, 2023.

<u>*Amanda Arnold Sansone*</u>
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.